IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN JONES, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 23-03261-BAH |
| UNIVERSITY OF MARYLAND, BALTIMORE COUNTY, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiffs, under the pseudonyms John Jones and Dan Doe, sued the University of Maryland, Baltimore County ("UMBC"), Bobbie Hoye, and Whitney Ames alleging a variety of federal and state claims related to sexual harassment and assault the Plaintiffs experienced from their former coach while they were members of UMBC's swimming and diving team. *See* ECF 2 (State Complaint). Currently pending is Plaintiffs' motion to proceed under pseudonyms. ECF 12. Defendants have not filed an opposition and the time to do so has expired. *See* Loc. R. 105.2 ("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of service of the motion . . . ."); *see* ECF 12 (filed December 7, 2023). Having reviewed the allegations in the Complaint, I find no hearing is necessary at this time. *See* Loc. R. 105.6 (D. Md. 2023). For the following reasons, Plaintiffs' motion to proceed by pseudonym will be granted.

Rule 17a of the Federal Rules of Civil Procedure generally requires that an action should be prosecuted in the name of the real party in interest. One well-recognized exception to this rule is that "in exceptional circumstances, compelling concerns relating to personal privacy or

confidentiality may warrant some degree of anonymity in judicial proceedings, including [the] use of a pseudonym." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Here, Plaintiffs seek to protect their privacy as victims of sexual assault, given the sensitive nature of their allegations. *See* ECF 12, at 1.

In the Fourth Circuit, a court considering the employment of a pseudonym should consider five non-exhaustive factors, with the goal of "determining whether a plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings." *Smith v. Towson Univ.*, Civ. No. JRR-22-2998, 2022 WL 18142844, at *1 (D. Md. Nov. 30, 2022) (citing *James*, 6 F.3d at 238), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023); *Pub. Citizen*, 749 F.3d at 274. These factors include:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more crucially, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Smith*, 2022 WL 18142844, at *1 (alteration in original) (quoting *Jacobson*, 6 F.3d at 238). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 29 (2016). The plaintiff need only demonstrate one factor applies. *Pub. Citizen*, 749 F.3d at 274. For the following reasons, the Plaintiffs have demonstrated based on the first factor that Plaintiffs' privacy interests "substantially outweigh[] the presumption of open judicial proceedings." *Pub. Citizen*, 749 F.3d at 274.

Plaintiffs' Complaint contains allegations that Plaintiffs were the victims of prolonged and continuous sexual harassment and assault by their swim coach. Plaintiffs cite numerous cases demonstrating that courts routinely permit plaintiffs alleging sexual assault to proceed under

pseudonymous pleadings. *See* ECF 2, at 1; *Doe v. Loyola Univ.*, Civ. No. ELH-20-1227, 2021 WL 1174707, at *1 n.1 (D. Md. Mar. 29, 2021) (referring to students of Loyal University pseudonymously in the absence of a properly filed motion "given the nature of the allegations," as the university students were alleging sexual assault); *Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG 19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (granting motion to proceed under pseudonym where complaint implicated two "sensitive and highly personal areas:" both allegations of sexual exploitation and medical information of the plaintiff); *E.E.O.C. v. Sposa, LLC*, Civ. No. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (holding cases of sexual assault are "highly sensitive and personal matter[s]"); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5–6 (D.D.C. 2014) (holding that a plaintiff's allegations of sexual assault, which would require references to her genitalia and hospital examination, were "sensitive and highly personal" matters).

In this case, Plaintiffs John Jones and Dan Doe allege Coach Chad Cradock sexually harassed and assaulted them by repeatedly touching their bodies and genitalia, peering at them while they were changing or using the bathroom, requesting kisses and amorous declarations, hugging them from behind and pressing his body against them, and exposing his genitalia to the student-Plaintiffs. ECF 2, at 4–9. I find these allegations are of a "highly sensitive and personal" nature. *James*, 6 F.3d at 238. Plaintiffs will be permitted to proceed pseudonymously in pleadings, motions, docket entries, and all written materials filed in this case. It is hereby **ORDERED** that Plaintiffs' motion at ECF 12 is **GRANTED**.

Dated: <u>April 8, 2024</u>                                              /s/
                                                                    Brendan A. Hurson
                                                                    United States District Judge